**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV11-0014-VAP(OPx)                               Date: January 27, 2011

Title:   HSBC BANK USA -v- JUAN I. RAMIREZ
==================================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                              None Present
    Courtroom Deputy                           Court Reporter

ATTORNEYS PRESENT FOR                    ATTORNEYS PRESENT FOR
PLAINTIFFS:                              DEFENDANTS:

    None                                       None

PROCEEDINGS:    MINUTE ORDER REMANDING CASE TO SUPERIOR
                COURT FOR THE COUNTY OF RIVERSIDE (IN
                CHAMBERS)

   On September 2, 2010, Plaintiff HSBC Bank USA ("Plaintiff") filed a complaint for unlawful detainer ("Complaint") against Defendant Juan I. Ramirez ("Defendant") in the Superior Court for the County of San Bernardino.  (Doc. No. 1 (Not. of Removal).)  On January 3, 2011, Defendant removed the action to this Court on the basis of federal question and diversity jurisdiction.  (Not. of Removal at 1.)  Finding it lacks subject matter jurisdiction over this case, the Court remands the case for the reasons set forth below.

   Removal jurisdiction is governed by statute.  See 28 U.S.C. §§ 1441, et seq.  The Ninth Circuit strictly construes the removal statute against removal jurisdiction,

EDCV 11-0014 VAP (OPx)
HSBC BANK USA v. JUAN I RAMIREZ
MINUTE ORDER of January 27, 2011

Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988), and "the defendant always has the burden of establishing that removal is proper," Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

　　　Defendant has not met his burden of demonstrating the Court's jurisdiction over this action.  Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a state claim preempted by federal law.  Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).  Here, Defendant alleges the Court has federal question jurisdiction "resulting from the Moving Party's Discovery Request and Demand for: 'THE ORIGINAL BLUE INKED PROMISORY [sic] NOTE', and as to identify the statutory basis for the discovery request/demand and other claims."  (Not. of Removal at 2.)  This allegation does not identify a federal question.  Moreover, from the face of the Complaint, Plaintiff's only claim is for unlawful detainer, a California state law action. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (holding defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint).  Thus, no federal question is presented on the face of the Complaint, nor has a federal claim been disguised by artful pleading.  Defendant accordingly has not demonstrated the Court may exercise jurisdiction over this action on the basis of federal question, 28 U.S.C. § 1331.

EDCV 11-0014 VAP (OPx)
HSBC BANK USA v. JUAN I RAMIREZ
MINUTE ORDER of January 27, 2011

  Under 28 U.S.C. § 1332, the Court also has original jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Here, Defendant alleges there is diversity of citizenship because Defendant is a citizen of California. (Not. of Removal at 2.) Defendant fails to identify Plaintiff's citizenship, however. Moreover, the complaint identifies the action as a "limited civil case" with damages of no more than $10,000. As such, this case cannot meet the statutory amount-in-controversy requirement for diversity jurisdiction. See 28 U.S.C. § 1332.

  For these reasons, the Court lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3). Accordingly, the Court REMANDS this action to the Superior Court for the County of San Bernardino.

  **IT IS SO ORDERED.**